UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | )     CASE NO. 14-03860-dd |
| | ) |
| North Area Taxi, Inc | ) |
| | )     **PLAN OF REORGANIZATION** |
| | ) |
| | ) |
|                Debtor | ) |

I. DEFINITIONS:
       A.  The Code is 11 U.S.C. Section 101, et seq.
       B.  The Court shall mean the United States Bankruptcy Court for the District of South Carolina.
       C.  The Debtor shall mean North Area Taxi, Inc.
       D.  Chapter 11 shall mean a case being administered under 11 U.S.C. Section 1101, et seq., for the reorganization of the indebtedness of the Debtor.
       E.  The Case shall mean these proceeding under Chapter 11, which commenced July 7, 2014.
       F.  The Plan shall mean this Plan of Reorganization of the Debtor under Chapter 11.
       G.  Claims shall mean any right to payment from the Debtor held by any party.
       H.  Adjusted Claim all claims or interest proven and allowed by the Court, pursuant to the Code, excluding interest, carrying charges, late charges and other such add-on costs; and excluding attorney's fees and other charges for collection of claims.
       I.  Priority Claims shall mean all claims entitled to priority status under Section 507 of the Code.  This includes, generally, all wages as allowed priority which were owning by the Debtor; all taxes owing to the United States, any State or local taxing authorities; all debts incurred and unpaid since the filing of this Case; and all statutory costs assessed by the Court.
       J.  Secured Claims are all claims fully or partially secured by real estate mortgages, security agreements, chattel mortgages, lease-purchase agreements, liens or other indentures entitled to secured status under the Code.
       K.  Unsecured Claims are all claims, provable and allowable, of the Debtor, other than Secured Claims, Priority Claims, or Interests.
       L.  An Interest is, for purposes of the Plan, any claim against the Debtor for equity ownership, whether actual, contingent, or equitable.
       M.  Class of Claims shall mean all types of claims or interests (i.e., secured, unsecured of less than One Thousand Dollars ($1,000.00) and General Unsecured Claims) which are
substantially identical in kind or nature.
       N.  Impaired Class shall mean any class of claims in which all claims are given,

under this plan, less than the equivalent value of their individual claims, but more than that class would reasonably expect to receive if this were a case under Chapter 7 of the Code.

O. <u>Unimpaired Class</u> shall mean any class of claims which is not affected by this Plan of Reorganization and which is entitled to, and shall receive under this Plan, full payment.

P. <u>Executory Contracts</u> are contracts or agreements to be performed by the Debtor in the future, unsecured by notes or mortgages.

Q. <u>Acceptances</u> of this Plan is based upon 51% affirmative vote, in numbers, and 67% affirmative votes, in Dollars, of each Class of Creditors whose indebtedness is impaired by this Plan, if a Class of Creditors which is subordinate to such impaired class receives more than that subordinated class would in a Chapter 7 proceeding.

R. <u>Confirmation</u> of this Plan means the Order issued by the Court implementing the Plan after it finds that the Plan: (1) has been accepted by the requisite number of creditors eligible to vote, therefore, (2) is feasible, (3) is fair and equitable, and (4) meets all of the requirements of 11 U.S.C. Section 1123.

S. <u>Deposit</u> shall refer to any deposit, as is required to effect the Plan. The deposits shall be made as funds become available into the hands of the disbursing agent, and/or a depository approved by the Court.

T. <u>Disbursing Agent</u> shall be the debtor, Charleston Transportation Leasing, LLC.

U. <u>Consummation</u> of the Plan is final when the debtor has substantially complied with the requirements of this plan.

V. <u>Net Sales</u> are defined as the gross sales price of any piece of the Real Estate of the Debtor which is sold, less the cost of such sale, including documentary stamps, taxes, commissions, deed preparation, etc.

## I
## FINANCIAL CONDITION OF THE BUSINESS

The debtors have incurred no additional expenses since the filing of this case and continue to operate and provide a positive cash flow. This positive cash flow is achieved, however, by the decision of the President of the Company, Thomas D. Lee to not take a salary from the business nor to charge the business any rent for the use of the building owned by Mr. Lee. Mr. Lee is willing to continue this situation provided that the debtor is allowed to restructure and continue to improve its balance sheet.

## II
## DEBT STRUCTURE

B. <u>Chapter 7:</u>
1. If the Debtor was liquidated under Chapter 7, the Creditors would, in all likelihood, receive less than proposed under the Plan. Only the continued operation of the business would make it likely that the Creditors would realize the amount proposed under the plan.

## III
## PLAN OF REORGANIZATION

The Plan is based upon the assumption that the Debtor will continue to operate the business and continue to improve both its market position and its net cash profitability.

A. This Plan is based upon the assumption that the Debtor will be able to continue attract customers. The debtor will be paying $1,000.00 per month for approximately 78 months.

PAYMENT OF THE CLAIM THROUGH THIS PLAN WILL ALSO RELEASE THE DRIVER OF THE TAXI FROM ANY SEPARATE LIABILITY TO THE CLAIMANT.

B. CLASSES OF CLAIMS

1. Class I:  Administrative claims will be paid upon the effective date of the plan. They are monies owed to the Office of the U.S. Trustee, D. Nathan Davis and Bennett Crites.

2. CLASS II:  The Debtor has no priority debts for taxes to governmental authorities but will incur fees to the United States Trustee for quarterly fees.

3. CLASS III Are the remaining unsecured creditors. This class will be paid at the rate of $1,000.00 per month with the money distributed on a pro-rata basis  These creditors shall be paid 40% of the amount shown in the scheduled category.   Several Proofs of Claims have been filed in which are, at this time disputed. This class is impaired.

| Unsecured Creditors | POC FILED | Amount Scheduled | Comments Box |
|---|---|---|---|
| Allstate subrogee Rosanna Okeke | | 1,000.00 | |
| Mack Tiara   # 3 Peter Kaufman | 20000.00 | 1,000.00 | Disputed |
| McNeil    #24 Brandon Dawson | | 1,500.00 | |
| Allstate sub Okeke Allison Cogdill | | 3,800.00 | |
| Hamilton, Hamilton & Dawson Carl Solomon  #20 | Claim filed as 6,615.00 for Ariana Hamilton | 6,000.00 | Allow in amount of POC |
| MacDowell Joseph Fisher | | 4,000.00 | |
| Carl Solomon  #21 22  23 Hamilton-Dawson | claim filed for Darlaysha Hamilton 937.00 Claim filed for April Hamilton  2,404.96 Claim filed for Jailynn Dawson 18,855.50 | 6,000.00 | Disputed |

| | | | |
|---|---|---|---|
| White<br>Brad Jung | | 2,000.00 | |
| Vandross<br>Samuel Cooper | | 1,500.00 | |
| Green<br>Akim Anastopoulo | | 3,500.00 | |
| Enterprise Rent a Car<br>Tim Higgins | | 1,500.00 | |
| General Direct Insurance<br>Jill Young | | 1,000.00 | |
| Kvestad<br>Ravi C. Sanyal | | 3,000.00 | |
| Drummond<br>Keith Robinson | | 2,000.00 | |
| Sumpter<br>self represented | | 1,000.00 | |
| Ida Mae Smiley | | 750.00 | |
| Johnson II<br>self represented | | 500.00 | |
| Waterman   #4<br>D. Nathan Hughey | 22000.00 | 3,000.00 | Disputed |
| Menges   #14<br>Sabrina Owens | 35,000.00<br>John Gentry filed claim for Clekis | 3,000.00 | Disputed |
| Mitsui Sumitomo Insurance Group<br>Donald Wilber | | 1,000.00 | |
| Progressive Northern Insurance<br>David Maybank | | 1,000.00 | |
| Williams & Green<br>Max Sparwasser | | 2,000.00 | |
| Okeke<br>self represented | | 750.00 | |
| Special Care sub Michael Jason<br>Greata Cox ART | | 1,000.00 | |

| | | | |
|---|---|---|---|
| Drayton Sharene<br>Alan Tanenbaum | | TBD | |
| Johnson Kira<br>Alan Tanenbaum | | TBD | |
| Doctor Rose<br>Alan Tanenbaum | | TBD | |
| Bowman Travonne<br>Alan Tanenbaum | | TBD | |
| Johnson Josiah<br>Alan Tanenbaum | | TBD | |
| McCall Champaign<br>Alan Tanenbaum | | TBD | |
| Angulo Juan<br>Alan Tanenbaum | | TBD | |
| Joseph B. Fisher<br>Blair McDowell | | 2,000.00 | |
| Brad Jung<br>Daria White | | 2,000.00 | |
| Samuel B. Cooper, Jr.<br>De'Angelo Vandross | | 3,000.00 | |
| Akim Anastopoulo<br>Donovan Green | | 2,000.00 | |
| Tim Higgins<br>Enterprise Rent A Car | | 1,500.00 | |
| General Direct Insurance | | 1,000.00 | |
| Ravi C. Sanyal, Esq.<br>Glendon O. Kvestad | | 5,000.00 | |
| Keith Robinson, Esq.<br>Inga Drummond | | 2,000.00 | |
| David Allen Sheehan | | 1,000.00 | |
| Lakeyna Larroquette Campbell | | 1,000.00 | |
| Danny Ray Rowland | | 1,500.00 | |
| Ashley Ameika, Esq.  #25 & 26    Claim filed for 30,000.00 each claim<br>Annie & James Livingston | | 3,000.00 | Disputed |
| John T. Gentry, Esq.    #15 & 16 & 18    Claim filed for $25,000.00 each claim<br>Clinton & Shaneequa Parks | | 2,500.00 | Disputed |

| Blake, Shaneequa  #17<br><br>John T. Gentry | Claim filed for $25,000.00 |  | Disputed |
|---|---|---|---|
| Brandon C. Dawson, Esq  #24<br>Wanda McNeil | Claim filed in the amount of $5,000.00 | 2,000.00 | This POC not disputed |

Total of Class III claims is $85,050.00 which at 40% equals 34,020.00.  A reserve to settle the disputed claims of $45,180.00 is contemplated to value the unresolved claims whether by an agreed amount or through a determination of value in a state court proceedings.  After resolution of the disputed debts, any funds remaining will be used to increase the amount paid to the creditors so that the sum of $78,000.00 is paid to the creditors.

IV
FUNDING OF THE PLAN

The Plan shall be funded by the general operation of the business.  The debtor will be paying to the creditors the sum of $1,000.00 per month.

V MISCELLANEOUS

    A.  The Debtors exempt property and all other property shall be retained by the Debtor.
    B.  Confirmation of this Plan shall constitute a settlement and release of all scheduled claims against the Debtor and the independent contract driver of the vehicle operating the vehicle regarding the claim held by the Creditor.
    C.  The effective date of the plan will be the same date as the order of this Court approving the plan of reorganization in this matter.  All administrative claims that are outstanding on that date will be paid in full.  Any administrative claims that are incurred after the effective date of the plan shall be paid when incurred unless Court approval is needed prior to payment of the same.  In that event, they shall be paid promptly after approval by the Court.

March 9, 2015

                            /s/D. Nathan Davis
                            D. Nathan Davis I.D. # 438
                            Davis Law SC
                            Attorney for the Debtor
                            12 Carriage Lane, Ste A
                            Charleston, SC 29407
                            843-571-4042                Office
                            888-821-9554                Facsimile
                            nathan@davislawsc.com  Email